HAMLIN, Justice
(dissenting).
I am of the opinion that the accused herein received a fair trial, and that the error assigned to the trial judge by the majority opinion was harmless. It is my view that the error was not such as is provided for in Art. 921, C.Cr.P., which reads as follows :

"Art. 921. Matters not grounds for reversal

“A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to *337 the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right.”
I do not agree that in the context of the facts and argument of this case, the statements of the trial judge in his charge to the jury with respect tc probation and the suspension of sentence were prejudicial to the defendant. Likewise, I do not find that the reading of Art. 893, C.Cr.P., which provides for suspension of sentence and probation in felony cases, to the jury was prejudicial to the defendant. The trial judge’s statements and reading were precipitated, as stated in the majority opinion, by argument of defense counsel.
Code of Criminal Procedure Art. 893 is not applicable to the offense herein charged, but I firmly disagree with the majority opinion’s finding that: “In the context of the facts and argument of this case, such erroneous instruction was plainly prejudicial. It tended to induce conviction through an erroneous statement of law, in view of the (incorrect) possibility of suspension of sentence and probation.[1] * * * It must also have destroyed the credibility of defense counsel before the jury, in that the trial court in effect stated that counsel had misled it as to the law.” The finding is a mere conclusion, and, in my view, is not substantiated nor corroborated by the record and the circumstances of this case.
There was no miscarriage of justice in this case; the substantial rights of the accused were not prejudiced. I find that there were no violations of his constitutional and statutory rights.
I believe that herein the rights of the public have been put behind exaggerated judicial concern over the rights of the accused. It is difficult for people to understand why a defendant found unchallengeably guilty by a jury should be pampered because of some inconsequential error which did not diminish by any common standard the fairness of his trial.
The true test under Art. 921, C.Cr.P,, supra, is and should be: Not the legal technicalities involved, but whether the rules have denied the defendant a fair trial. As above stated, I believe that the defendant had a fair trial.
I am reluctant to adopt a technical ruling in favor of a defendant found guilty unless there is a previous ruling that fits the case under consideration like a glove. I do not find that such exists here. I do not desire to contribute to the devastating effect of technical decisions on the enforcement of criminal justice in this state and nation.
I believe that the United States Supreme Court is realizing the disastrous effect of its recent decisions on the enforcement of criminal justice, because, in Dutton v. *339 Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed. 2d 213, decided by that Court on December 15, 1970, it had this to say:
“Almost 40 years ago, in Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674, Mr. Justice Cardozo wrote an opinion for this Court refusing to set aside a state criminal conviction because of the claimed denial of the right of confrontation. The closing words of that opinion are worth repeating here:
“ ‘There is danger that the criminal law will be brought into contempt— that discredit will even touch the great immunities assured by the Fourteenth Amendment — if gossamer possibilities of prejudice to a defendant are to nullify a sentence pronounced by a cotirt of competent jurisdiction in obedience to local law, and set the guilty free.’ 291 U.S. 122, 54 S.Ct. 338.”
In order to be sure about what Justice Cardozo meant by the use of the word “gossamer” I looked it up in the dictionary and found that it has two meanings, as follows:
1. A film of cobwebs floating in the air in calm clear weather.
2. Any gauzelike fabric.
I respectfully dissent.

. Cf. Act 457 of 1970, Sec. 977.1, and Act 488 of 1970.